IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:19-CR-49-TAV-DCP |
| JAHMAL K. TORY, and | ) | |
| JAMIE D. KITTS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on June 4, 2019, for an arraignment on the Superseding Indictment [Doc. 25], filed on May 24, 2019. Assistant United States Attorney Brent N. Jones appeared on behalf of the Government. Attorney Bobby Hutson with Federal Defender Services appeared for Attorney Benjamin Sharp representing Defendant Tory, and Attorney Rachel Wolf represented Defendant Kitts. Both Defendants were also present.

Following the arraignment, Mr. Hutson and Ms. Wolf made a joint, oral motion to continue the June 25, 2019 trial and other pretrial deadlines, with Mr. Hutson presenting as grounds that counsel needs sufficient time to investigate the case and review discovery in order to effectively advise their clients so that Defendants can make informed decisions regarding their case. Further, Mr. Hutson and Ms. Wolf represented that they had discussed the Speedy Trial Act

1

with their respective clients, and that Defendants were waiving their rights under the Act. The Government did not oppose the requested trial continuance, and AUSA Jones noted that the remaining Defendants were now all in custody, so the Government would be moving to unseal the Superseding Indictment and turning over additional discovery to Defendants Tory and Kitts. The parties agreed on a new trial date of September 24, 2019.

The Court finds the Defendants' joint, oral motion to continue the trial and other pretrial deadlines to be unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defendants were initially charged [Doc. 1] with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine; possession with intent to distribute 50 grams or more of methamphetamine aided and abetted by one another and others; and possession in furtherance of a drug trafficking crime. The Superseding Indictment [Doc. 25] adds five new defendants[1] and brings one new count of felon in possession of a firearm against Defendant Tory and two new counts against Defendant Kitts: felon in possession of a firearm and possession with intent to distribute five grams or more of methamphetamine aided and abetted by one another. Defense counsel need time to review discovery relating to the new charges, to interview witnesses, and to prepare for trial. In light of the significant additional charges in the recent Superseding Indictment as well as the addition of five new defendants being charged as part of the conspiracy, the Court finds that the Defendants cannot be ready for trial by June 25, 2019, or in less than three and one-half months. Thus, the Court finds that the failure to grant a

---

[1] The Government made an oral motion to unseal the Superseding Indictment as to the remaining defendants noting that they were all currently in custody, and the motion was granted.

continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendants' joint, oral motion to continue the June 25, 2019 trial date is **GRANTED**. The trial of this matter is reset to **September 24, 2019**. The Court also finds that all the time between the **June 4, 2019** hearing and the new trial date of **September 24, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)-(B).

With regard to further scheduling in this case, pretrial motions are due on or before **July 30, 2019**, with responses due **August 13, 2019**. The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **August 22, 2019, at 2:00 p.m.** The deadline for concluding plea negotiations is **August 27, 2019**.[2] In addition, the Court instructs the parties that all motions *in limine* must be filed no later than **September 9, 2019**. Finally, special requests for jury instructions shall be submitted to the District Judge no later than **September 13, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendants' joint, oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **September 24, 2019**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the hearing on **June 4, 2019**, and the new trial date of **September 24, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

---

[2] If a final pretrial conference is requested by the parties, the Court will schedule one at the August 22, 2019 motion hearing.

(4) The plea negotiation deadline is extended to **August 27, 2019.** This date is also the deadline for providing reciprocal discovery;

(5) Motions *in limine* must be filed no later than **September 9, 2019**; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **September 13, 2019**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge