IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-49-TAV-DCP |
| | ) | |
| JAMAL K. TORY, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Christopher Smallen's Motion to Continue Motion Deadline, Pretrial Conference, Plea Deadline, and Trial Date [Doc. 68], filed on July 26, 2019. The parties appeared before the undersigned for a hearing on the motion on August 22, 2019. Assistant United States Attorney Brent Nelson Jones appeared on behalf of the Government. The following defense counsel represented the Defendants: Assistant Federal Defender Benjamin G. Sharp for Defendant Jamal K. Tory; Attorney Michael T. Cabage for Defendant Christopher L. Smallen; Attorney Jonathan S. Wood for Defendant Jon Allen Sentell, Jr.; and Attorney Devin S. DeVore, appearing for Attorney Norman D. McKellar, on behalf of Defendant Gary Wayne Gibson. The Defendants were also present.

Defendant Smallen moves [Doc. 68] the Court to continue the September 24, 2019 trial date in this case and to reset all pretrial deadlines. The motion relates counsel needs additional time to complete his review of discovery, which is voluminous; to confer with his client; and to assess the need for pretrial motions. The motion asserts that for these reasons, along with counsel's

busy caseload, counsel cannot be prepared to proceed to trial on September 24. The motion contends that Defendant Smallen waives any speedy trial issues.

At the motion hearing, Mr. Cabage stated that this case involves a potential suppression issue. He agreed that he has received all discovery in this case. Mr. Cabage stated that he needs to complete his review of the discovery, including discussing the discovery with his client at the Blount County Jail. However, he said that the jail only permits him to meet with Defendant Smallen for one-hour sessions. Accordingly, Mr. Cabage asked the Court to continue the trial and schedule in this case.

Mr. Sharp made an oral motion to adopt Defendant Smallen's Motion to Continue on behalf of Defendant Tory. Mr. Sharp related that he needed additional time to explore a potential resolution of the case for his client. Mr. Wood stated that Defendant Sentell took no position on the motion. Mr. DeVore said that Defendant Gibson did not oppose the motion. AUSA Jones stated that the Government also did not oppose the requested continuance. The parties agreed on a new trial date of February 4, 2020.

The Court finds Defendant Smallen's motion to continue the trial to be well-taken and unopposed. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that the Superseding Indictment [Doc. 20] charges Defendants Tory, Smallen, Sentell, Gibson, three other named codefendants, "and others" with conspiring to distribute and possess with intent to distribute fifty grams or more of methamphetamine over a six-month period (Count One). The Indictment also alleges substantive counts of drug distribution for Defendants Tory (Count Two), Smallen (Count Six), Gibson (Count Nine), and Sentell (Count Ten). Defendants Tory (Count Three) and Smallen (Count Seven) are charged with possessing firearms in furtherance of a drug trafficking crime. Defendants Tory (Count Four), Smallen (Count

Eight), and Sentell (Count Eleven) are also charged with being a felon in possession of a firearm. Finally, Defendant Tory faces an enhanced penalty. The Defendants contend that the discovery in this case is voluminous. Counsel for Defendant Smallen alerted the Court that he may file a suppression motion.

Based upon the extent of the charges, the number of Defendants, and the amount of discovery, the Court finds that defense counsel need additional time to complete their review discovery, to file and litigate pretrial motions, to interview witnesses, and to prepare the case for trial. If any motions are filed, the Court will need time to hold a motion hearing, which the Court has set for October 15, 2019, and to rule on the motions. *See* 18 U.S.C. § 3161(h)(1)(H). The Court finds that all of this cannot occur in the four and one-half weeks before the September 24 trial date or in less than six months. Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

For the reasons discussed above, the motion to continue the trial and schedule in this case [**Doc. 68**][1] is **GRANTED**, and the trial is reset to **February 4, 2020**. The Court finds that all the time between the filing of the motion to continue on July 26, 2019, and the new trial date of February 4, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling in this case, the deadline for filing pretrial motions is extended to **September 20, 2019**. Responses to motions are due on or before **October 4, 2019**. The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **October 15, 2019, at 10:00 a.m.** The deadline for concluding plea negotiations and providing reciprocal discovery is **January**

---

[1] Defendant Tory's oral motion to join in this motion is also **GRANTED**.

**3, 2020**. The Court has set a pretrial conference on **January 3, 2020, at 10:00 a.m.** Motions *in limine* must be filed no later than **January 20, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **January 24, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Smallen's Motion to Continue Motion Deadline, Pretrial Conference, Plea Deadline, and Trial Date [**Doc. 68**] is **GRANTED**. Defendant Tory's oral motion to adopt this motion is also **GRANTED**;

(2) The trial of this matter is reset to commence on **February 4, 2020, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion to continue on **July 26, 2019**, and the new trial date of **February 4, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is reset to **September 20, 2019**. Responses to motions are due on or before **October 4, 2019**;

(5) The undersigned will hold a motion hearing on all pending pretrial motions on **October 15, 2019, at 10:00 a.m.**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **January 3, 2020, at 10:00 a.m**. This date is also the deadline for concluding plea negotiations and providing reciprocal discovery;

(7) Motions *in limine* must be filed no later than **January 20, 2020**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **January 24, 2020**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge