UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-49-TAV-DCP |
| | ) | |
| JAHMAL K. TORY, | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate. Presently before the Court are Defendant's Motion to Review Appointment of Counsel [Doc. 95] and Pro Se Motion to Appoint New Counsel [Doc. 96]. On October 18, 2019, the parties appeared before the Court for a motion hearing. Assistant United States Attorney Anne-Marie Svolto was present representing the Government. Assistant Federal Defender Benjamin Sharp was present representing the Defendant, who was also present. Attorney Mark Brown was also present.

In the Motion to Review Appointment of Counsel [Doc. 95], Mr. Sharp states that Defendant has requested the filing of the motion due to a breakdown of communication in the attorney-client relationship. In his pro se Motion to Appoint New Counsel [Doc. 96], Defendant states that he wishes for the Court to appoint him new counsel due to Mr. Sharp's failure to file several motions that Defendant had requested he file on his behalf. At the October 18, 2019

hearing, Mr. Sharp stated that he informed Defendant that he did not feel that he could justifiably file certain of the requested motions. The Government stated that it had no objection to the motion.

The Court conducted a sealed, *ex parte* hearing with Defendant and Mr. Sharp to learn the nature and extent of the problems with the attorney-client relationship. Based upon the representations of Mr. Sharp and Defendant during the sealed portion of the hearing, the Court finds that the trust necessary for the attorney-client relationship is irretrievably broken and the ability to communicate is significantly eroded. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, Defendant's Motion to Review Appointment of Counsel [Doc. 95] is **GRANTED**, and Mr. Sharp is **RELIEVED** as counsel of record for Defendant. Defendant is, however, **INSTRUCTED** that he is not allowed to file pro se motions on his own behalf while represented by counsel. Therefore, Defendant's Pro Se Motion to Appoint New Counsel [Doc. 96] is **DENIED AS MOOT**. At the end of the hearing, Attorney Brown agreed to accept representation of the Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Brown under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for the Defendant. Mr. Sharp is **DIRECTED** to turn over all discovery and the Defendant's file to Attorney Brown.

Accordingly, it is **ORDERED**:

>(1) Defendant's Motion to Review Appointment of Counsel [**Doc. 95**] is **GRANTED** and Defendant's Pro Se Motion to Appoint New Counsel [**Doc. 96**] is **DENIED AS MOOT**;
>
>(2) Assistant Federal Defender Sharp is **RELIEVED** of further representation of Defendant and **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible; and

(3) Attorney Mark Brown is **SUBSTITUTED and APPOINTED** as counsel of record for the Defendant pursuant to the CJA.

**IT IS SO ORDERED**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge