# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-CR-49-TAV-DCP |
| ) | |
| JAHMAL K. TORY and ) | |
| JOHN A. SENTELL, JR., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 25, 2019, for a motion hearing on the Motion to Continue [Doc. 104] filed by Defendant Tory, as well as the pro se Motion to Appoint to Appoint New Counsel [Doc. 106] filed by Defendant Sentell. Assistant United States Attorney Brent Jones represented the Government. Attorney Mark Brown appeared on behalf of Defendant Tory, while Attorney Jonathan Wood represented Defendant Sentell. Attorney Michael P. McGovern was also present. Both Defendants were also present.

In his pro se Motion to Appoint New Counsel [Doc. 106], Defendant Sentell states that he has been unable to contact his attorney and requested instructions on how to replace counsel if he did not respond to his requests. After hearing Attorney Brown's initial arguments regarding the Motion to Continue, the Court then conducted a sealed, *ex parte* hearing to learn the nature and extent of the problems with the attorney-client relationship between Defendant Sentell and Attorney Wood. Based upon the representations of Mr. Wood and Defendant Sentell during the

sealed portion of the hearing, the Court finds that the trust necessary for the attorney-client relationship is irretrievably broken and the ability to communicate is significantly eroded. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, Defendant Sentell's pro se Motion to Appoint New Counsel [Doc. 106] is **GRANTED**, and Mr. Wood is **RELIEVED** as counsel of record for Defendant Sentell. Defendant Sentell is, however, **INSTRUCTED** that he is not allowed to file pro se motions on his own behalf while represented by counsel. At the end of the hearing, Attorney McGovern agreed to accept representation of the Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney McGovern under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant Sentell. Mr. Wood is **DIRECTED** to turn over all discovery and the Defendant's file to Attorney McGovern.

Attorney McGovern then orally moved to join Defendant Tory's Motion to Continue [Doc. 104]. Attorney Brown previously stated that he moved for a continuance to allow sufficient time to adequately prepare for trial and to assist in the plea negotiation process. Attorney McGovern argued that a continuance is necessary to give him time to review the discovery, meet with Defendant Sentell, and prepare the case for trial. The Government did not oppose this request. The parties then agreed on a new trial date of April 7, 2020.

Given the circumstances of Mr. McGovern's appointment, the Court finds that the failure to continue the trial in this case would deprive defense counsel of the reasonable time necessary to prepare the case for trial, even considering his acting with due diligence. 18 U.S.C. §

3161(h)(7)(B)(iv). Accordingly, Defendant Tory's Motion to Continue [Doc. 104] is **GRANTED**, and the trial of this matter is reset to **April 7, 2020**. The Court finds that all the time between the filing of the Motion to Continue on November 8, 2019, and the new trial date of April 7, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to other scheduling in this case, the parties are to appear before the undersigned for a pretrial conference on **March 23, 2020 at 10:00 a.m.** The existing deadlines set forth by the Court will remain, including the January 3, 2020 plea deadline, which will also be the deadline for providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **March 24, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **March 27, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Sentell's pro se Motion to Appoint New Counsel [**Doc. 106**] is **GRANTED**. Attorney Wood is **RELIEVED** of further representation of Defendant Sentell and is **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible;

(2) Attorney Michael P. McGovern is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant Sentell pursuant to the CJA;

(3) Defendant Tory's Motion to Continue [**Doc. 104**], as well as Defendant Sentell's oral motion to adopt the Motion to Continue, are **GRANTED**;

(4) The trial of this case is reset to commence on **April 7, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(5) All time between the filing of the Motion to Withdraw on **November 8, 2019** and the new trial date of **April 7, 2020** is fully

excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) The parties are to appear before the undersigned for a pretrial conference on **March 23, 2020, at 10:00 a.m.**;

(7) All motions *in limine* must be filed no later than **March 24, 2020**; and

(8) Special requests for jury instructions shall be submitted to the District Judge no later than **March 27, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge